IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**NEDRA HASTINGS, on her own behalf**
**and on behalf of her minor child, N.H.,**

 Plaintiffs,

v.                  No. 17-2687-SHL-cgc

**SHELBY COUNTY GOVERNMENT, et al.,**

 Defendants.

---

REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915

---

On September 15, 2017, Plaintiff Nedra Hastings, a resident of Memphis, Tennessee[1], filed a *pro se* complaint against the State of Tennessee and forty-five (45) other defendants accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1 & 2.) Plaintiff filed an Amended Complaint on October 16, 2017. (D.E. # 6) The Amended Complaint was supplemented by exhibits filed on October 17, 2017. (D.E. # 7) On December 8, 2017, the Court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis (D.E. # 8).

The initial complaint was a brief four (4) page document that alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 1983, interstate stalking, malicious prosecution, defamation, intentional infliction of emotional distress, loss of consortium and damages but

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

contained no statement of facts.  (D.E. # 1, p2-3).  In drastic contrast, the Amended Complaint, including exhibits, is a rambling 166 page document that removes the State of Tennessee, Shelby County Sheriff's Office, Family Safety Center, Shelby County Crime Victim's Center, Shelby County Department of Corrections, Shelby County District Attorney's Office, Raymond Sides, Shelby County Defender's Office, William C. Turner, Jeanne M. Kosciolek, and Paul J. Springer as defendants and adds Renee Davis, T.J. Matthews, John M. Jones, Shelby County Sheriff Bill Oldham, Shelby County Chief Jailer Robert Moore, Debra Fessenden, SCSO Civil Court Deputy Sammie Jones, SCSO Civil Court Deputy Aruglo, John Marshall, Derek E. Whitlock, and Harkavy, Shainberg, Kaplan & Dunston PLC as defendants.

The Amended Complaint alleges violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and the Americans with Disabilities Act of 1990, 32 U.S.C. § 12101 in addition to a wide variety of Tennessee state statutes in a rambling eight hundred, eighty-five (885)[2] paragraph document.

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action;

   (i)     is frivolous or malicious;

   (ii)    fails to state a claim on which relief may be granted; or

   (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

---

[2] There are eight hundred fifty-five numbered paragraphs however, at paragraph seven hundred twenty-four, Plaintiff restarts paragraph numbering at six hundred ninety-three resulting in thirty paragraphs with duplicate numbers.

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or

3

delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

Plaintiff purports to bring this matter in her name and also on behalf of her minor child N.H. An individual may represent himself before the court but may not represent another person or entity unless they are duly licensed and authorized to practice before the court.   *See*, 28 U.S.C.

§ 1654 and Davis v. Memphis Police Dept., No. 2:13–cv–02497–JDT–dkv, 2013 WL 4446240, at*5 (W.D.Tenn. Aug. 15.2013). A plaintiff may not appear pro se where "interests other than his own are at stake." Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir.2002). Only a licensed attorney may represent other persons. Davis, 2013 WL 4446240 at *5 (citing cases).

It is RECOMMENDED that any claims brought on behalf of the minor child be DISMISSED WITHOUT PREJUDICE as Plaintiff is not a licensed attorney and she may not represent a party other than herself.

There are groups of defendants and claims that are recommended for dismissal for failure to state a claim either because the statutes that Plaintiff relies on do not confer a right of action or because the defendants are not appropriate defendants under the statutes that Plaintiff relies upon.

1. 18 U.S.C. § 2261A

Plaintiff alleges that defendants Marcolm Watson, Sonya Watson, Demetrece Jones, and Marguerite Howard have violated 18 U.S.C. § 2261A and that she is entitled to damages therefrom.  (D.E. # 6, ¶¶ 12, 50, 78)

18 U.S.C. § 2261A, a federal criminal statute related to stalking, does not provide for a private right of action.  See, Hopson v. Commonwealth Attorney's Office, 2013 WL 1411234, at *3, (W.D. Ky. April 8, 2013), citing, Jacobus v. Huerta, No. 3:12–CV–02032, 2013 WL 673233, at *12 (S.D.W.Va. Feb. 22, 2013) (concluding that there is no private cause of action under 18 U.S.C. § 2261A); Kruska v. Perverted Justice Found. Inc., No. CV 08–0054–PHX–SMM, 2009 WL 321146, at *4 (D.Ariz. Feb. 6, 2009) (stating that "the statute [18 U.S.C. § 2261A ] provides no private right of action for a violation"); Fox v. Tippetts, No. 2:09 CV 00485, 2009 WL

3790173, at *4 (W.D.La. Nov. 10, 2009) (finding that 18 U.S.C. § 2261A does "not provide for a private right of action").

It is RECOMMENDED that claims based on 18 U.S.C. § 2261A against Marcolm Watson, Sonya Watson, Demetrece Jones, and Marguerite Howard be DISMISSED WITH PREJUDICE for failure to state a claim for which relief may be granted.

2. 42 U.S.C. § 1981

Plaintiff alleges that defendants Catrice Dye, Felecia Adams, Dionne Rogers, City of Memphis Government, Thomas Long, Shelby County Tennessee, Bill Oldham, Robert Moore, Nicole Brumley, Sammie Jones, Francisco Araujo, Raymond Sides, Debra Fessenden, Jimmy Moore, Van Sturdivant, John Jones, Debbi French, Edward Stanton, T. J. Matthews, Rhonda Harris, John Marshall, Donna Fields, Robert Weiss, Valerie Smith, Gerald Skahan, Marty McAfee, Anna Phillips, Ronald Lucchesi, Cedric Wooten. Jacqueline Scruggs, Stephen Bush, Kaycee Arnold, Robert Felker, Theresa McCusker, Olliette Murray, Bill Hill, Mark Glankler and Amy Weirich have violated 18 U.S.C. § 1981 and that she is entitled to damages therefrom.  (D.E. # 6, ¶¶ 121, 165, 172, 185, 189, 204, 218, 256, 269, 301, 322, 337, 346, 376, 390, 399, 408, 421, 438, 465, 481, 506, 518, 535, 558, 575, 595, 613, 630, 669, 693(2), 705(2), 732, 763, 782, 799, 817, 832)  To state a claim under 42 U.S.C. § 1981[3], a plaintiff "must initially identify an impaired "contractual relationship," § 1981(b), under which the plaintiff has rights."  Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476, 126 S. Ct. 1246, 1249, 163 L. Ed. 2d 1069 (2006)

---

[3] Section 1981 provides: All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The Amended Complaint does not allege that Plaintiff was discriminated against by any of the listed defendants either in the procurement of a contract or in the enforcement of a contract. Plaintiff does not identify any contractual relationship that was interfered with by any of the listed defendants. If the court were to find a 42 U.S.C. § 1981 cause of action under the facts as set forth in the Amended Complaint, it would convert §1981 into a "strange remedial provision designed to fight racial animus in all of its noxious forms" which the Supreme Court has repeatedly refused to do. *See*, Domino's Pizza, Inc. at 476-7, citing Patterson v. McLean Credit Union, 491 U.S. 164, 176, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989); Burnett v. Grattan, 468 U.S. 42, 44, n. 2, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984); General Building Contractors Assn., Inc. v. Pennsylvania, 458 U.S. 375, 396, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982).

It is RECOMMENDED that claims based on 42 U.S.C. § 1981 against Catrice Dye, Felecia Adams, Dionne Rogers, City of Memphis Government, Thomas Long, Shelby County Tennessee, Bill Oldham, Robert Moore, Nicole Brumley, Sammie Jones, Francisco Araujo, Raymond Sides, Debra Fessenden, Jimmy Moore, Van Sturdivant, John Jones, Debbi French, Edward Stanton, T. J. Matthews, Rhonda Harris, John Marshall, Donna Fields, Robert Weiss, Valerie Smith, Gerald Skahan, Marty McAfee, Anna Phillips, Ronald Lucchesi, Cedric Wooten. Jacqueline Scruggs, Stephen Bush, Kaycee Arnold, Robert Felker, Theresa McCusker, Olliette Murray, Bill Hill, Mark Glankler and Amy Weirich be DISMISSED WITH PREJUDICE for failure to state a claim for which relief may be granted.

3. 42 U.S.C. § 1983

Plaintiff alleges that defendants Marcolm Watson, Sonya Watson, Demetrece Jones, Marty McAfee, Anna Phillips, Cedric Wooten, Dewun Settle, Jacqueline Scruggs have violated 42 U.S.C. § 1983 and that she is entitled to damages therefrom.  (D.E. # 6, ¶¶ 12, 50, 78, 558, 575, 613, 630, 669, 692)

To state a claim under 42 U.S.C. § 1983,[4] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).  The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988)   Plaintiff has not stated in the Amended Complaint in what manner these defendants were acting under color of state law.  It is RECOMMENDED that claims based on 42 U.S.C. § 1983 against Marcolm Watson, Sonya Watson, Demetrece Jones, Marty McAfee, Anna Phillips, Cedric Wooten, Dewun Settle, Jacqueline Scruggs be DISMISSED WITH PREJUDICE for failure to state a claim for which relief may be granted.

---

[4] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

    4. 42 U.S.C. § 1985

Plaintiff alleges that Marcolm Watson, Sonya Watson, Demetrice Jones, Catrice Dye, Felecia Adams, Dionne Rogers, the City of Memphis Government, Shelby County, Tennessee, Bill Oldham, Robert Moore, Nicole Brumley, Sammie Jones, Francisco Araujo, Raymond Sides, Debra Fessenden, Jimmy Moore, Van Sturdivant, John Jones, Debi French, Edward Stanton, T. J. Matthews, Rhonda Harris, John Marshall, Donna Fields, Robert Weiss, Valerie Smith, Gerald Skahan, Marty McAfee, Anna Phillips, Ronald Lucchesi, Cedric Wooten, Dewun Settle, Jacquelyn Scruggs, Marguerite Howard, Stephen Bush, Kaycee Arnold, Robert Felkner, Theresa McCusker, Olliette Murray Drobot, Bill Hill, Mark Glankler and Amy Weirich have violated 42 U.S.C. § 1985(2) and (3) and that she is entitled to damages therefrom. (D.E. # 12, 50, 78, 121, 165, 173, 185, 189, 204, 218, 256, 269, 301, 322, 337, 346, 376, 390, 399, 408, 421, 438, 465, 481, 506, 518, 535, 558, 575, 595, 613, 630, 669, 705, 693(2), 705(2), 732, 763, 782, 799, 817, 832)

Any claim of injury due to a conspiracy to deter witnesses participation in state or judicial proceedings (42 U.S.C. § 1985(2)) or conspiracy to interfere with a person's civil rights (42 U.S.C. § 1985(3)) must allege that the conspiracy was based on race or other "inherent personal characteristics." *See*, Molthan v. Vanderbilt Univ., No. 3:17-CV-00706, 2017 WL 1489099, at *3 (M.D. Tenn. Apr. 26, 2017) *citing* Webb v. United States, 789 F.3d 647, 672 (6th Cir. 2015) ("The Supreme Court requires that § 1985 claims contain allegations of "class-based, invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). The class must be based upon race or other "inherent personal characteristics." Browder v. Tipton, 630 F.2d 1149, 1150 (6th Cir. 1980)."). Plaintiff makes no claim that the acts of any of the listed defendants was made based on racial or other discriminatory animus.

It is RECOMMENDED that claims based on 42 U.S.C. § 1985 against Marcolm Watson, Sonya Watson, Demetrice Jones, Catrice Dye, Felecia Adams, Dionne Rogers, the City of Memphis Government, Shelby County, Tennessee, Bill Oldham, Robert Moore, Nicole Brumley, Sammie Jones, Francisco Araujo, Raymond Sides, Debra Fessenden, Jimmy Moore, Van Sturdivant, John Jones, Debi French, Edward Stanton, T. J. Matthews, Rhonda Harris, John Marshall, Donna Fields, Robert Weiss, Valerie Smith, Gerald Skahan, Marty McAfee, Anna Phillips, Ronald Lucchesi, Cedric Wooten, Dewun Settle, Jacquelyn Scruggs, Marguerite Howard, Stephen Bush, Kaycee Arnold, Robert Felkner, Theresa McCusker, Olliette Murray Drobot, Bill Hill, Mark Glankler and Amy Weirich be DISMISSED WITH PREJUDICE for failure to state a claim for which relief may be granted.

5. 42 U.S.C. § 1986

Plaintiff alleges that Marcolm Watson, Sonya Watson, Demetrice Jones, Catrice Dye, Felecia Adams, Dionne Rogers, the City of Memphis Government, Shelby County, Tennessee, Bill Oldham, Robert Moore, Nicole Brumley, Sammie Jones, Francisco Araujo, Raymond Sides, Debra Fessenden, Jimmy Moore, Van Sturdivant, John Jones, Debi French, Edward Stanton, T. J. Matthews, Rhonda Harris, John Marshall, Donna Fields, Robert Weiss, Valerie Smith, Gerald Skahan, Marty McAfee, Anna Phillips, Ronald Lucchesi, Cedric Wooten, Dewun Settle, Jacquelyn Scruggs, Marguerite Howard, Stephen Bush, Kaycee Arnold, Robert Felkner, Theresa McCusker, Olliette Murray Drobot, Bill Hill, Mark Glankler and Amy Weirich have violated 42 U.S.C. § 1986 and that she is entitled to damages therefrom. (D.E. # 12, 50, 78, 121, 165, 173,

185, 189, 204, 218, 256, 269, 301, 322, 337, 346, 376, 390, 399, 408, 421, 438, 465, 481, 506, 518, 535, 558, 575, 595, 613, 630, 669, 705, 693(2), 705(2), 732, 763, 782, 799, 817, 832)

Title 42, United States Code section 1986 provides redress against persons "who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured…". It has been recommended that the Amended Complaint does not state a claim for relief under section 1985. Where a claim under § 1985 does not exist, it logically follows that a claim under § 1986 also does not exist. Hicks v. Resolution Tr. Corp., 970 F.2d 378, 382 (7th Cir. 1992)("Of course, in the absence of a viable claim under § 1985(3), a § 1986 claim cannot exist.") *citing* Santistevan v. Loveridge, 732 F.2d 116, 118 (10th Cir.1984).

Therefore it is RECOMMENDED that the Amended Complaint also fails to state a claim for relief under section 1986 and that claims under section 1986 be dismissed as to Marcolm Watson, Sonya Watson, Demetrice Jones, Catrice Dye, Felecia Adams, Dionne Rogers, the City of Memphis Government, Shelby County, Tennessee, Bill Oldham, Robert Moore, Nicole Brumley, Sammie Jones, Francisco Araujo, Raymond Sides, Debra Fessenden, Jimmy Moore, Van Sturdivant, John Jones, Debi French, Edward Stanton, T. J. Matthews, Rhonda Harris, John Marshall, Donna Fields, Robert Weiss, Valerie Smith, Gerald Skahan, Marty McAfee, Anna Phillips, Ronald Lucchesi, Cedric Wooten, Dewun Settle, Jacquelyn Scruggs, Marguerite Howard, Stephen Bush, Kaycee Arnold, Robert Felkner, Theresa McCusker, Olliette Murray Drobot, Bill Hill, Mark Glankler and Amy Weirich.

6. Tenn. Code Ann. §§ 39-16-510, 39-17-308, and 39-17-309

Plaintiff alleges that Marcolm Watson, Sonya Watson, Demetrice Jones, Catrice Dye, the City of Memphis Government, Shelby County, Tennessee, Bill Oldham, Robert Moore, Nicole Brumley, Sammie Jones, Francisco Araujo, Raymond Sides, Debra Fessenden, Dewun Settle, Jacquelyn Scruggs, Marguerite Howard, Stephen Bush, Kaycee Arnold, Robert Felkner, Theresa McCusker, Olliette Murray Drobot, Bill Hill, Mark Glankler and Amy Weirich have violated Tenn. Code Ann. §§39-16-510, 39-17-308 and 39-17-309 and that she is entitled to damages therefrom. (D.E. # 12, 50, 78, 121, 185, 204, 218, 256, 269, 301, 322, 337, 630, 669, 692, 705, 693(2), 705(2), 732, 763, 782, 799, 817, 832)

Plaintiff is seeking damages from the listed defendants for alleged violations of several criminal statutes. Regarding Plaintiff's claim under Tenn. Code Ann. § 39-17-308, the statute does not create a private cause of action. *See*, Molthan, \*3, *citing* Dirks v. Tudors, No. E200801384COAR3CV, 2009 WL 1372180, at \*2 (Tenn. Ct. App. May 18, 2009) ("[W]ith respect to the plaintiff's claim based upon official oppression, the applicable statute, Tenn. Code Ann. § 39–16–403 (2006) does not indicate, in any way, that a private cause of action for official oppression was contemplated by the legislature when the statute was enacted.") Further, the Tennessee Supreme Court specifically held in Washington v Robertson Cnty., 29 S.W.3d 466, 473(Tenn. 2000) that Tenn. Code Ann. § 39-17-309 does not itself confer a private right of action. Similarly, there is nothing in the language of Tenn. Code Ann. § 39-16-510 (which prohibits retaliation against a witness, judge, district attorney general (among others) for anything that they have done in their official capacity as a witness, judge or district attorney general) or the cases interpreting it that expressly states or implies that there is a private right of action

Therefore, it is RECOMMENDED that Plaintiff's claims pursuant to Tenn. Code Ann. § 39-16-510, 39-17-308 and 39-17-309 be DISMISSED WITH PREJUDICE as to Marcolm Watson, Sonya Watson, Demetrice Jones, Catrice Dye, the City of Memphis Government, Shelby County, Tennessee, Bill Oldham, Robert Moore, Nicole Brumley, Sammie Jones, Francisco Araujo, Raymond Sides, Debra Fessenden, Dewun Settle, Jacquelyn Scruggs, Marguerite Howard, Stephen Bush, Kaycee Arnold, Robert Felkner, Theresa McCusker, Olliette Murray Drobot, Bill Hill, Mark Glankler and Amy Weirich.

With regard to all remaining claims in Plaintiff's amended complaint it is RECOMMENDED that the amended complaint does not comply with Fed. R. Civ. P. 8(a)(1), which requires that "[a] pleading that states a claim for relief" contain "a short and plain statement of the grounds for the court's jurisdiction." A complaint violates this provision when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Flayter v. Wis. Dep't of Corr., 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation). In the instant case, there are forty-eight defendants and as many as twelve causes of action against each defendant. The narrative, such as it is, is largely conclusory. "The objective of Rule 8 was to make complaints

simpler rather than more expansive." Harrell at 445, *citing* Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 85 (1957). There is no simple way to properly ascertain the claims or the factual basis for each as to each defendant[5]. Therefore, it is RECOMMENDED that the remaining claims in the Amended Complaint be DISMISSED WITHOUT PREJUDICE.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim and for failure to conform with Rule 8 also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal

---

[5] A spreadsheet which attempts to identify the defendants and the causes of action against each is attached as exhibit A to this Report and Recommendation.

14

in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal

*in forma pauperis*.


Signed this 23rd day of October, 2018.

                                           s/ Charmiane G. Claxton
                                           CHARMIANE G. CLAXTON
                                           UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**