# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| NEDRA HASTINGS, on her own behalf and on behalf of her minor child, N.H., <br><br> Plaintiffs, <br><br> v. <br><br> SHELBY COUNTY GOVERNMENT et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) <br><br> No. 2:17-cv-02687-SHL-cgc |

## ORDER ADOPTING IN PART AND
## MODIFYING IN PART REPORT AND RECOMMENDATIONS

Before the Court are Magistrate Judge Charmiane G. Claxton's ("Magistrate Judge") Report and Recommendations ("R&R"), filed October 23, 2018, (ECF No. 9), recommending dismissal of Plaintiff Nedra Hastings' claims on behalf of herself and her minor child and certification that an appeal would not be taken in good faith, and Ms. Hastings' Objections thereto, filed November 6, 2018, (ECF No. 10). The Court construes Ms. Hastings' Objections as a Motion for Leave to Amend. For the following reasons, the Court **ADOPTS** the R&R on the issue of the dismissal of the Amended Complaint but **MODIFIES** the R&R to **GRANT** leave to amend.

A magistrate judge may submit to a judge of the court recommendations for the determination of certain pretrial matters. 28 U.S.C. §§ 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 72(b)(3). After reviewing objections, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). "A general objection that does not identify specific issues from the magistrate's report," on the other hand, "is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." Johnson v. Brown, No. 13-242-GFVT, 2016 WL 4261761, at *1 (E.D. Ky. Aug. 12, 2016) (citing Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

Ms. Hastings' Objections to the R&R provide no law to support a different result than that reached by the Magistrate Judge. She also does not challenge any specific factual findings. Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 72(b)(3). Although the Court observes that Ms. Hastings is acting pro se, and thus it accords her the widest possible latitude in construing her filings, Ms. Hastings' Objections merely gainsay the Magistrate Judge's Report and Recommendations. This is not sufficient to satisfy her burden as to any challenge to the conclusion in the R&R that the Amended Complaint fails to state cognizable claims. See Johnson, 2016 WL 4261761, at *1. The Court has reviewed the R&R for clear error, finds none and agrees with the Magistrate Judge that Ms. Hastings may not bring claims on behalf of her minor child because she is not an attorney, and that the Amended Complaint otherwise fails to state a claim.

In her filing, Ms. Hastings bemoans the fact that the Court has taken her Complaint under advisement for more than a year, and that it is now denying her relief without giving her an opportunity to clarify her claims. (ECF No. 9.) The Court thus construes her Objections, in part, as a Motion for Leave to Amend. If the Court adopts the Magistrate Judge's Report and

Recommendations, dismisses her Amended Complaint and denies leave to amend, Ms. Hastings seeks, in the alternative, leave to appeal.[1]

Federal Rule of Civil Procedure 15 provides that, where a plaintiff has already amended once as a matter of course, the plaintiff must obtain either written consent of opposing parties or leave of the Court before amending, and further that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But the Court need not grant leave to amend in cases involving "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000) (citing Thiokol Corp. v. Mich. Dep't of Treasury, Revenue Div., 987 F.2d 376, 382–83 (6th Cir. 1993)). Where the facts alleged in a complaint clearly demonstrate that a plaintiff has no legitimate legal claims, denying leave to amend and dismissing a complaint is not an abuse of discretion. See 2 Moore's Federal Practice, Civil § 12.34 (2018) (collecting cases).

To give Ms. Hastings every possible opportunity to present a cognizable claim, the Court concludes that leave to amend should be granted. The factors to consider before granting leave to amend support this conclusion. First, although Ms. Hastings has already amended the Complaint once, (ECF Nos. 1, 6) see Fed. R. Civ. P. 15(a)(1)(A), and despite the lack of written consent to amend from any of the 48 named Defendants, see Fed. R. Civ. P. 15(a)(2), because she has not yet served her Complaint on any named defendant, there is no particular risk of

---

[1] The Court assumes that Ms. Hastings seeks leave to appeal in forma pauperis because she previously sought leave to proceed in forma pauperis, which the Magistrate Judge granted.

prejudice, Fed. R. Civ. P. 15(a)(1)(A).  She also has not engaged in a dilatory motive or bad faith in seeking leave to amend.  Finally, dismissal of a pro se plaintiff's claims can be "a harsh remedy that should be utilized only in extreme situations."  Cf. Van Alexander v. City of Pontiac, No. 07-11419, 2008 U.S. Dist. LEXIS 112020, at *1 (E.D. Mich. Apr. 29, 2008) (analyzing a motion for involuntary dismissal under Fed. R. Civ. P. 41(b)).  Under the circumstances here, the Court finds that Ms. should be afforded one more opportunity to amend her Complaint to cure its defects.  Therefore, the Motion for Leave to Amend is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN PART** the R&R by **DISMISSING** the Amended Complaint, but **MODIFIES IN PART** the R&R by **GRANTING** leave to amend.  Ms. Hastings shall file a Second Amended Complaint within **thirty (30) days** of the entry of this Order, or the action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED,** this 24th day of January, 2019.

                                              s/ Sheryl H. Lipman
                                              SHERYL H. LIPMAN
                                              UNITED STATES DISTRICT JUDGE