IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**NEDRA HASTINGS,**

    **Plaintiff,**

**v.**                                 **No. 17-2687-SHL-cgc**

**SHELBY COUNTY GOVERNMENT, et al.,**

    **Defendants.**

---

REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915

---

On September 15, 2017, Plaintiff Nedra Hastings, a resident of Memphis, Tennessee[1], filed a *pro se* complaint against the State of Tennessee and forty-five (45) other defendants accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1 & 2.)  Plaintiff filed an Amended Complaint on October 16, 2017.  (D.E. # 6)  The Amended Complaint was supplemented by exhibits filed on October 17, 2017.  (D.E. # 7)  On December 8, 2017, the Court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis (D.E. # 8).  A Report and Recommendation that the Amended Complaint be dismissed was filed on October 23, 2018.  (D.E. # 9).  Plaintiff objected to the court taking one year to review the eight hundred, eighty-five (885) paragraph, forty-eight (48) defendant amended complaint. (D.E. # 10).  The District Court construed the objection as a motion for leave to amend and allowed Plaintiff to amend her complaint.  Before the Court for review pursuant to 28 U.S.C. § 1915 is Plaintiff's

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

Second Amended Complaint.   (D.E. # 14)   On March 13, 2019, Plaintiff filed an Appendix to the Second Amended Complaint which delineates the causes of action attributed to each defendant. (D.E. # 16)

The Second Amended Complaint is a no less rambling document than the Amended Complaint although it is significantly shorter at one-hundred, thirty-three (133) paragraphs and seventeen (17) defendants. The allegations and claims are largely restructured versions of the allegations and claims in the Amended Complaint.   To the extent that Plaintiff has provided dates, it appears that the acts complained of generally occurred between June 2014 and September 2016.

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action;

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v.

2

Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also*

Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

Plaintiff has organized the Second Amended Complaint into ten claims.   It is unclear from the Second Amended Complaint specifically what law or laws each defendant is alleged to have violated and what factual allegations support those claims.   For that reason, it is RECOMMENDED that the Second Amended Complaint does not comply with Fed. R. Civ. P. 8(a)(1), which requires that "[a] pleading that states a claim for relief" contain "a short and plain statement of the grounds for the court's jurisdiction."   A complaint violates this provision when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Flayter v. Wis. Dep't of Corr., 16 F. App'x

507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); <u>Vicom v. Harbridge Merch. Servs.</u>, Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation).

As in the Amended Complaint, the narrative is largely conclusory.  "The objective of Rule 8 was to make complaints simpler rather than more expansive." <u>Harrell</u> at 445, *citing* <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 85 (1957).  There is no simple way to properly ascertain the factual basis for each as to each defendant.  Therefore, it is RECOMMENDED that the Second Amended Complaint be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.


In the alternative, there are groups of claims that are recommended for dismissal for failure to state a claim because the statute of limitations for the claims have expired or because the claims as stated by Plaintiff are not cognizable under state or federal law.


1.  Tort claims

Plaintiff alleges that some or all of the defendants are liable to her under a variety of theories sounding in tort:

- Negligence[2] - Counts 1, 4, 5, 6, 9 and 10

---

[2] To the extent that Plaintiff seeks to assert a claim of negligence against the City of Memphis or Shelby County Government, those entities are immune from suit for claims of negligence pursuant to Tenn. Code Ann. § 29-20-201 *et seq*.  Memphis Police Department, Shelby County Sheriff's Office, Shelby County District Attorney's Office and

5

- Intentional infliction of emotional distress - Counts 1, 2, 3, 5, and 6

- Defamation – Counts 1 and 5

- Invasion of privacy – Counts 1 and 7

- Malicious prosecution – Counts 2, 5, 6, 8 and 10

In none of the referenced counts does Plaintiff allege acts that occurred on or after September 15, 2016.  The statute of limitations for each of these causes of action is one year in Tennessee.  See, Tenn. Code Ann. § 28-3-104 (negligence, malicious prosecution); Evans v. Walgreen Co., 813 F.Supp. 897, 939 (W.D. Tenn. 2011) (intentional infliction of emotional distress); Rutherford v. First Tennessee Bank Nat. Ass'n, 2008 WL 3307203, *6 (E.D. Tenn. Aug, 7, 2008) (invasion of privacy).  Viewing the Second Amended Complaint in the light most favorable to Plaintiff and allowing for the possibility that there may be relation back to the September 15, 2017 filing date of the initial complaint, the Second Amended Complaint does not state a claim for the listed causes of action which is within the statute of limitations.

It is RECOMMENDED that all counts alleging negligence, intentional infliction of emotional distress, defamation, invasion of privacy and malicious prosecution be DISMISSED WITH PREJUDICE for failure to state a claim for which relief may be granted.

---

Shelby County Public Defender's Office are not separate legal entities and are thus not entities capable of suing or being sued.  See, Alexander v. Beale Street Blues Co. Inc., 108 F. Supp.2d 934, 947 (W.D. Tenn. 1999); Shelby County Deputy Sheriff's Association v. Shelby County Sheriff's Office, 2007 WL 9706716, *2 (W.D. Tenn. November 14, 2007); Jones v. City of Memphis, 2015 WL 1542205, fn. 1 & 2 (W.D. Tenn. April 6, 2015).

2.  42 U.S.C. §§ 1983[3], 1985 and 1986

Plaintiff alleges in Counts 2, 3, 4, 5, 6, 7, 8, 9, and 10 that some or all of the defendants have violated 42 U.S.C. §§ 1983, 1985 and/or 1986 and that she is entitled to damages therefrom. In none of these counts does Plaintiff allege acts which would state a claim under 42 U.S.C. §§ 1983, 1985 and/or 1986 that occurred on or after September 15, 2016.   The statute of limitations for civil actions brought under federal civil rights statutes is one year in Tennessee.   See, Tenn. Code Ann. § 28-3-104(a)(1)(B).   Viewing the Second Amended Complaint in the light most favorable to Plaintiff and allowing for the possibility that there may be relation back to the September 15, 2017 filing date of the initial complaint, the Second Amended Complaint does not state a claim under 42 U.S.C. §§ 1983, 1985 and/or 1986 which is within the statute of limitations.

It is RECOMMENDED that all counts alleging violations of 42 U.S.C. §§ 1983, 1985 and/or 1986 be DISMISSED WITH PREJUDICE for failure to state a claim for which relief may be granted.

With regard to all remaining claims in Plaintiff's amended complaint – fraudulent investigation (Counts 1, 2, 3, 5, and 6), abuse of process (Counts 5 and 8), interference with attorney-client contract (Count 7), deficient representation (Count 10) and failure to exercise discretionary function (Count 10) – it is RECOMMENDED that these claims be DISMISSED

---

[3] Plaintiff alleges claims for "suppression of exculpatory evidence" (Counts 2 and 6), "reckless/negligent indifference" (Counts 2, 4, 7, 9 and 10), "unlawful seizure by arrest, detention and prosecution" (Counts 6, 8 and 10), "unlawful arrest" (Count 8), "false arrest" (Counts 5 and 6), "wrongful detention" (Count 5).   These claims have been construed as claims under 42 U.S.C. § 1983 and are all RECOMMENDED for dismissal for failure to state a claim for which relief may be granted for the same reasons as stated in the discussion in section 3.

WITH PREJUDICE for failure to state a claim for which relief may be granted as these claims do not appear to be grounded in any statutory or common law cause of action.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. <u>Id.</u> It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim and for failure to conform with Rule 8 also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 22nd day of April, 2019.

                                        s/ Charmiane G. Claxton
                                        CHARMIANE G. CLAXTON
                                        UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**