# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| NEDRA HASTINGS, on her own behalf and on behalf of her minor child, N.H., <br><br> Plaintiffs, <br><br> v. <br><br> SHELBY COUNTY GOVERNMENT et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) | No. 2:17-cv-02687-SHL-cgc |

## ORDER ADOPTING REPORT AND RECOMMENDATIONS AND DISMISSING COMPLAINT

Before the Court is Magistrate Judge Charmiane G. Claxton's ("Magistrate Judge") Report and Recommendations ("R&R"), filed April 22, 2019, (ECF No. 18), and Ms. Hastings's Objections thereto, filed May 6, 2019, which the Court also construes as, at least in part, a motion for leave to amend, (ECF No. 19). For the following reasons, the Court **DENIES** the objections and leave to amend and **ADOPTS** the R&R. Accordingly, Ms. Hastings's Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. In addition, the Court **CERTIFIES** that an appeal would not be taken in good faith and **DENIES** leave to appeal in forma pauperis.

A magistrate judge may submit to a judge of the court recommendations for the determination of certain pretrial matters. 28 U.S.C. §§ 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 72(b)(3). After reviewing objections, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). "A general objection that does not identify specific issues from the magistrate's report," on the other hand, "is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." Johnson v. Brown, No. 13-242-GFVT, 2016 WL 4261761, at *1 (E.D. Ky. Aug. 12, 2016) (citing Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

Ms. Hastings filed her Complaint and First Amended Complaint, respectively on September 15, and October 16, 2017. (ECF Nos. 1, 6.) In an R&R dated October 23, 2018, the Magistrate Judge recommended dismissal of the First Amended Complaint. (ECF No. 9.) On January 24, 2019, the Court adopted in part and modified in part that R&R, agreeing with the Magistrate Judge that Ms. Hastings's 125-page, 800-plus paragraph First Amended Complaint, purporting to sue 48 discrete Defendants, failed to state a claim upon which relief may be granted, but allowing Ms. Hastings to amend her pleading. (ECF No. 11.) On March 14, 2019, Ms. Hastings filed a 47-page, 133-paragraph Second Amended Complaint, purporting to sue 16 discrete Defendants, and a two-page Appendix organizing her claims by party. (ECF Nos. 14, 16.)

The R&R presently before the Court recommends dismissal of all claims in the Second Amended Complaint, with prejudice, for several reasons. As an initial matter, the Magistrate Judge found that, despite Ms. Hastings's attempt to organize her claims in an Appendix, "[i]t is unclear from the Second Amended Complaint specifically what law or laws each defendant is alleged to have violated and what factual allegations support those claims. . . . There is no simple way to properly ascertain the factual basis for each as to each defendant." (ECF No. 18 at PageID 282–83.) The Magistrate Judge concluded that the Second Amended Complaint

amounts to "a no less rambling document than the Amended Complaint" with a "largely conclusory" narrative.  (Id. at PageID 280, 283.)

Alternatively, the Magistrate Judge found that Ms. Hastings's state-law tort claims and federal civil-rights claims are time-barred by a one-year statute of limitations because "the acts complained of generally occurred between June 2014 and September 2016," "[i]n none of the referenced [state tort counts] does Plaintiff allege acts that occurred on or after September 15, 2016," and "[i]n none of the [federal civil rights counts] does Plaintiff allege acts . . . that occurred on or after September 15, 2016."  (Id. at PageID 233–85.)  Because Ms. Hastings filed the original Complaint on September 15, 2017, the acts at issue must have occurred after September 15, 2016, to be within the limitations period.  (See id. at PageID 284.)

Finally, the Magistrate Judge found that Ms. Hastings's claims for "fraudulent investigation," "abuse of process," "interference with attorney-client contract," "deficient representation" and "failure to exercise discretionary function" are not "grounded in any statutory or common law cause of action."  (Id. at PageID 286.)

Having found several bases for dismissal of Ms. Hastings's claims, the R&R also recommends certification that an appeal would not be taken in good faith and denial of leave to appeal in forma pauperis.  (Id.)

Ms. Hastings disagrees, and filed objections expressing so.  First, in her objections, she argues, for the first time in the nearly two years that this action has been pending, that "wrongful acts continued as late as February 2018."  (ECF No. 19 at PageID 288.)  Otherwise, at most, she gainsays the R&R, contending that the allegations in the Second Amended Complaint plausibly establish her legal claims.  (Id. at PageID 288–89.)  She also again seeks leave to amend to "correct deficiencies by simplifying the organization of claims with separate counts as to each

defendant . . . [and] specifically listing dates of acts or discovery of such acts for each defendant." (ECF No. 19 at PageID 288.) She also argues that she is attempting to allege a legal malpractice claim pursuant to "T.C.A. § 28-304," which the Court construes as a claim pursuant to Tenn. Code Ann. § 28-3-104. (Id. at PageID 289.)

The Court reviews de novo the R&R's findings of fact and conclusions of law to which Ms. Hastings objects. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2)–(3). Ms. Hastings's objections as to the statute of limitations are specific, and therefore warrant de novo review of the R&R. See Fed. R. Civ. P. 72(b)(3). However, she also includes general objections as to other aspects of the R&R, warranting clear error review as to those sections. 28 U.S.C. § 636(b)(1)(A)–(B).

As for the statute of limitations, the Second Amended Complaint does fail to state a claim because, even to the extent it plausibly alleges a state or federal cause of action, it is time-barred. Specifically, Ms. Hastings has not alleged any acts that occurred after September 15, 2016, although she now contends that the harms have continued. The limitations period for negligence, malicious prosecution, intentional infliction of emotional distress and invasion of privacy in Tennessee is one year, but Ms. Hastings did not file her Complaint until September 15, 2017. (See ECF No. 1.) See Tenn. Code Ann. § 28-3-104; Evans v. Walgreen Co., 813 F. Supp. 897, 939 (W.D. Tenn. 2011); Rutherford v. First Tenn. Bank N.A., 2008 WL 3307203, at *6 (E.D. Tenn. Aug. 7, 2008). Similarly, the limitations period for actions under 42 U.S.C. §§ 1983, 1985 and 1986 is one year. Tenn. Code Ann. § 28-3-104(a)(1)(B).

As for her general objections related to her claims for "fraudulent investigation," "abuse of process," "interference with attorney-client contract," "deficient representation" and "failure to exercise discretionary function," Tennessee law does not appear to provide causes of action

4

for these claims, and Ms. Hastings's Objections to the R&R provide no law to support a different result.  (See generally ECF No. 19.)  Thus, her objections are insufficient to satisfy her burden in opposing the R&R's conclusion that the Second Amended Complaint fails to state cognizable claims.  See Johnson, 2016 WL 4261761, at *1.  Therefore, the Court **ADOPTS** the R&R, and Ms. Hastings's claims are **DISMISSED WITH PREJUDICE**.  Furthermore, the Court **CERTIFIES** that an appeal would not be taken in good faith, and thus leave to appeal in forma pauperis is **DENIED**.

In her Objections, Ms. Hastings does seek, in the alternative, leave to amend to allege harms that continued to February 2018.  The Court finds, however, that leave to amend should not be granted here.  Federal Rule of Civil Procedure 15 provides that, where a plaintiff has already amended once as a matter of course, the plaintiff must obtain either written consent of opposing parties or leave of the Court before amending, and that the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, the Court need not grant leave to amend in cases involving "undue delay . . . [or] repeated failure to cure deficiencies by amendments previously allowed," or where amendment would be futile.  Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court has given Ms. Hastings every possible opportunity to present a cognizable claim, having granted leave to amend in modifying in part the Magistrate Judge's last R&R.  (ECF No. 11.)  The Court even granted an extension of time within which to file the Second Amended Complaint.  (ECF No. 13.)  Ms. Hastings was no doubt aware of alleged harms continuing into February 2018 when she filed the Second Amended Complaint on March 11, 2019, but, for whatever reason, she did not include those allegations in the Second Amended Complaint.  (See generally ECF No. 14.)  Moreover, Ms. Hastings has not provided any basis for

the application of the discovery rule or the continuing violation doctrine.  The Court thus finds that the purported need for amendment now is the result of "undue delay . . . [or] repeated failure to cure deficiencies by amendments previously allowed."  Foman, 371 U.S. at 182.  And it appears that the amendment would be futile, given that more recent harm will not change the statute of limitations analysis.  See id.

The Court recognizes that dismissal of a pro se plaintiff's claims can be "a harsh remedy that should be utilized only in extreme situations."  Cf. Van Alexander v. City of Pontiac, No. 07-11419, 2008 U.S. Dist. LEXIS 112020, at *1 (E.D. Mich. Apr. 29, 2008) (analyzing a motion for involuntary dismissal under Fed. R. Civ. P. 41(b)).  However, the Court previously warned Ms. Hasting that she would "be afforded one more opportunity to amend her Complaint to cure its defects."  (ECF No. 11 at PageID 223.)  That opportunity has now come and gone, but Ms. Hastings has not cured the defects identified.  Therefore, the Motion for Leave to Amend is **DENIED**.

## **CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the R&R by **DISMISSING** the Amended Complaint, **CERTIFIES** that an appeal would not be taken in good faith and **DENIES** leave to appeal in forma pauperis.  In addition, the Court **DENIES** leave to amend.

**IT IS SO ORDERED,** this 12th day of August, 2019.

                                          s/ Sheryl H. Lipman
                                          SHERYL H. LIPMAN
                                          UNITED STATES DISTRICT JUDGE